UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| NICHOLAS D. WILLIAMS, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:19-cv-00530-JPH-MJD |
| | ) | |
| JOHN R. LAYTON, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER SCREENING AMENDED COMPLAINT

Plaintiff Nicholas D. Williams, Sr., filed this 42 U.S.C. § 1983 action alleging that the defendants—several Marion County Jail employees—violated his constitutional rights by using excessive force and disciplining him based on a false report. Because Mr. Williams is a prisoner, the Court must screen his amended complaint. 28 U.S.C. § 1915A(a), (c).

### I. Screening Standard

The Court must dismiss any claim that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In determining whether the amended complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints like Mr. Williams's are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

## II. The Amended Complaint

The amended complaint names (1) John R. Layton, (2) Lieutenant Lakas, (3) Sergeant Mullins, (4) Corporal Shull, (5) Officer Shankin, (6) Officer Deiter, (7) Officer Ronan, and (8) Officer John Doe as defendants and alleges the following:

Mr. Williams was in Marion County Jail custody while he litigated his post-conviction petition in Indiana state court. On February 27, 2019, Mr. Williams asked Sergeant Mullins why certain property had not been provided to him. Sergeant Mullins ordered Mr. Williams to exit his cell and get on the wall. Mr. Williams did so but continued asking Sergeant Mullins questions, despite Sergeant Mullins's orders to "shut up and face the wall."

After some back-and-forth, Sergeant Mullins cuffed Mr. Williams behind his back. Sergeant Mullins and Corporal Shull then escorted Mr. Williams to a holding cell on "the old side of the jail," outside the range of any cameras. In the cell, the officers faced Mr. Williams against a corner and proceeded to hit and kick him in the head, back, legs, and arms. Sergeant Mullins uncuffed one of Mr. Williams's hands and tried to break his arm. A third officer ("John Doe") watched and laughed but did not intervene.

An observer called for help, and the officers stopped attacking Mr. Williams just before medical staff arrived. Medical staff members treated Mr. Williams's head wounds and provided ibuprofen. Sergeant Mullins and Corporal Shull behaved professionally in front of the medical staff but quietly threatened Mr. Williams with future harm if he reported the attack. Mr. Williams told Lieutenant Lakas what happened, but Lieutenant Lakas did not take action against Sergeant Mullins or Corporal Shull.

Sergeant Mullins wrote a disciplinary report against Mr. Williams. Officers Shankin, Deiter, and Ronan presided at the disciplinary hearing, where Mr. Williams was not allowed to

present two witnesses. The officers found Mr. Williams guilty and sanctioned him with solitary confinement and loss of visitation, commissary, phone, and television. Officer Ronan later denied Mr. Williams's grievance related to the incident.

Mr. Williams asserts the following claims for relief:

- Sergeant Mullins and Corporal Shull used excessive force against him in violation of the Eighth Amendment.

- Officer John Doe failed to intervene.

- Lieutenant Lakas violated his Eighth Amendment rights by allowing Sergeant Mullins to write false disciplinary charges.

- Sheriff Layton violated his Eighth Amendment rights by allowing the assaults to take place at the jail he supervised.

- Sergeant Mullins violated his First Amendment right to freedom of speech by punishing Mr. Williams for asking what rule he violated.

- Officers Shankin, Deiter, and Ronan denied his Sixth Amendment right to present witnesses at the disciplinary hearing.

- Officers Shankin, Deiter, and Ronan denied his Fourteenth Amendment right to due process and Eighth Amendment right to be free from cruel and unusual punishment by finding him guilty at the disciplinary hearing.

- Officer Deiter violated his Fourteenth Amendment right to due process by denying his grievance and not allowing him to file assault charges.

- Officer Shankin violated his Eighth Amendment right to be free from cruel and unusual punishment by ordering him to solitary confinement, loss of visitation, and loss of commissary.

Mr. Williams seeks unspecified damages and injunctive relief.

### III. Discussion

**A. Dismissed Claims**

All claims against the unnamed "John Doe" are **DISMISSED** because "it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the

door to relation back . . . nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted). Bringing suit against unnamed or "John Doe" defendants in federal court is generally disfavored by the Seventh Circuit. *Strauss v. City of Chicago*, 760 F.2d 765, 770 n.6 (7th Cir. 1985). If Mr. Williams learns the name of the unknown defendant, he may file a motion for leave to file an amended complaint.

All claims against Sheriff Layton are **DISMISSED** for failure to state a claim upon which relief can be granted. Section 1983 liability "requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted). Mr. Williams does not allege that Sheriff Layton participated in the attack or that he knew of it and failed to prevent it.

Mr. Williams's First Amendment claim is **DISMISSED** for failure to state a claim upon which relief can be granted. While a prisoner may have a First Amendment right to question the reasons for disciplinary action, "he must do so in a manner consistent with his status as a prisoner." *Watkins v. Kasper*, 599 F.3d 791, 797 (7th Cir. 2010) (quotation marks and emphasis omitted). Publicly questioning an officer's actions as he performs them undermines legitimate penological interests. *See id.* ("openly challenging [staff member's] directives in front of other prisoner law clerks" not protected First Amendment activity). Mr. Williams's questioning of Sergeant Mullins was not protected by the First Amendment.

All due process claims are **DISMISSED** for failure to state a claim upon which relief can be granted. "Prison grievance procedures … do not by their very existence create interests protected by the Due Process Clause." *Owens v. Hinsley*, 635 F.3d 950, 953-54 (7th Cir. 2011). And a prisoner has no due process rights at a prison disciplinary hearing unless the resulting sanction deprives him of life, liberty, or property. A liberty interest is implicated only if the

sanction creates an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Temporary segregation, as well as loss of visitation, commissary, phone, and television, are not atypical hardships. *See Hardaway v. Meyerhoff*, 734 F.3d 740, 743-44 (7th Cir. 2013) (182 days in disciplinary segregation did not amount to atypical and significant hardship).

For similar reasons, Mr. Williams's Eighth Amendment claims against Lieutenant Lakas and Officers Shankin, Deiter, and Ronan are **DISMISSED** for failure to state a claim upon which relief can be granted. A viable Eighth Amendment claim must allege a "'sufficiently serious'" violation, measured objectively. *Williams v. Shah*, 927 F.3d 476, 479−80 (7th Cir. 2019) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). "That is, the prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Id.* at 480. These necessities include "reasonably adequate ventilation, sanitation, bedding, hygienic materials, and utilities." *Hardenman v. Curran*, 933 F.3d 816, 820 (7th Cir. 2019) (quotation marks omitted). Mr. Williams does not allege that his disciplinary sanction denied him any such necessities.

Finally, Mr. Williams's Sixth Amendment claim is **DISMISSED** for failure to state a claim upon which relief can be granted. The Sixth Amendment Guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have compulsory process for obtaining witnesses in his favor." But "a prison disciplinary proceeding is not a criminal prosecution." *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1078 (7th Cir. 1994). Accordingly, Mr. Williams had no Sixth Amendment right to present witnesses at his hearing. *See id.* ("Prisoners in this context do not possess Sixth Amendment rights to confront and cross-examine witnesses.").

**B. Proceeding Claims**

Mr. Williams has alleged facts sufficient to state Eighth Amendment excessive force claims against Sergeant Mullins and Corporal Shull. These claims **SHALL PROCEED**. They are the only viable claims identified by the Court, and all other claims are dismissed. If Mr. Williams thinks the Court has overlooked any claims in the amended complaint, he shall have **28 days from the entry of this Order** to so notify the Court.

### IV. Further Proceedings

The **clerk is directed** to terminate the following defendants from the docket: John R. Layton, Lieutenant Lakas, Officer Shankin, Officer Deiter, Officer Ronan, and Officer John Doe.

The **clerk is directed** to issue process to (1) Sergeant Mullins and (2) Corporal Shull. Fed. R. Civ. P. 4(c). Process shall consist of the amended complaint (docket [14]), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

**SO ORDERED.**

Date: 1/17/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

NICHOLAS D. WILLIAMS, SR.
258276
WABASH VALLEY – CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Sergeant Mullins
STAFF
Marion County Jail
40 South Alabama St.
Indianapolis, IN  46204

Corporal Shull
STAFF
Marion County Jail
40 South Alabama St.
Indianapolis, IN  46204