UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| NICHOLAS D. WILLIAMS, SR., | ) |
| Plaintiff, | ) |
| v. | ) No. 2:19-cv-00530-JPH-MJD |
| MULLINS, *et al.* | ) |
| Defendants. | ) |

**ORDER DENYING MOTION FOR LEAVE TO FILE
SECOND AMENDED COMPLAINT**

Plaintiff Nicholas D. Williams, Sr., filed this 42 U.S.C. § 1983 action alleging that the defendants—several Marion County Jail employees—violated his constitutional rights by using excessive force and disciplining him based on a false report. Mr. Williams filed an amended complaint in December 2019. The Court screened the amended complaint; dismissed claims against defendants Lieutenant Lakas, Officer Shankin, Officer Deiter, Officer Ronan, and Officer John Doe, among others; and terminated them as defendants. The Court ordered that excessive force claims against Defendants Sergeant Mullins and Corporal Shull proceed. Now Mr. Williams seeks leave to file a second amended complaint resurrecting his claims against the dismissed defendants.

"The court should freely give leave [to amend] when justice so requires." But a district court has broad discretion to deny leave to amend where amendment would be futile. *Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015).

Mr. Williams's proposed second amended complaint copies word-for-word many allegations from his first amended complaint, including those against the dismissed defendants. For the reasons discussed in the Court's order dated January 17, 2020, Mr. Williams's allegations

1

against Lieutenant Lakas, Officer Shankin, Officer Deiter, Officer Ronan, and Officer John Doe fail to state a claim upon which relief can be granted.

The proposed second amended complaint does include additional facts about the conditions of Mr. Williams's confinement in segregation. Dkt. 20-1, ¶¶ 41−45 (alleging that his cell was too cold, that he did not receive enough soap, and that the shower had mold and insects). But Mr. Williams does not identify who was responsible for these conditions. And to the extent Mr. Williams seeks to raise claims about the conditions of his confinement in segregation, these claims are not made "with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" as his excessive force claims against Sergeant Mullins and Corporal Shull. Fed. R. Civ. P. 20(a)(2)(A). So he may bring these claims, if at all, only by filing a new complaint in a new case and incurring another filing fee.

Mr. Williams's motion for leave to file a second amended complaint, dkt. [20], is **DENIED**. This case shall proceed on Mr. Williams's first amended complaint, minus the claims and defendants dismissed in the Court's screening order dated January 17, 2020, dkt. [18].

**SO ORDERED.**

Date: 3/27/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

NICHOLAS D. WILLIAMS, SR.
 cell unit P-217
WABASH VALLEY – CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Tara Lynn Gerber
City of Indianapolis
tara.gerber@indy.gov