UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| NICHOLAS D. WILLIAMS, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:19-cv-00530-JPH-MJD |
| | ) | |
| JOHN R. LAYTON, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**Order Denying Plaintiff's Motions for Assistance with Recruiting Counsel**

The plaintiff has moved the Court for assistance with recruiting counsel. Dkts. 31, 66, 78. Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). "Two questions guide this court's discretionary decision whether to recruit counsel: (1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Id.* (quoting *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007)).

As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). Here, the plaintiff states that he has contacted one law firm and the ACLU in an attempt to obtain private counsel. His efforts have proved unsuccessful. The plaintiff should continue to recruit counsel on his own.

To decide the second question, the Court considers "whether the difficulty of the case— factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014)

1

(internal quotation marks and citation omitted). This requires an individualized assessment of the plaintiff, the claims, and the stage of litigation.

It is the Court's determination that, at this stage of the litigation, the plaintiff is competent to litigate this action on his own. The plaintiff acknowledges that he has no issue writing in English, and he has obtained his G.E.D. Additionally, although the plaintiff states that he has some reading comprehension issues, particularly with legal language, he does not identify any physical or mental health issues that would affect his ability to litigate this action other than that he is currently in counseling for a childhood trauma.

To the extent that the plaintiff believes he may need additional time to complete his filings because his mental health may "alter [his] ability to continue or stay focus[ed]," dkt. 31 at 4, he can move the Court for extensions of time as needed. Furthermore, the plaintiff's filings indicate that he is literate and can communicate effectively. Finally, to the extent that the plaintiff expresses concern that his ignorance of "why his son's mother (Kawana James) is being deposed" will prejudice him, that issue has mooted by the defendants' notice to the Court that they no longer plan to depose Ms. James. *See* dkt. 73.

Given the large amount of *pro se* prisoner litigation, it is simply impossible to recruit *pro bono* counsel for each such case. Rather, the court has "discretion to ask lawyers to volunteer their services in some cases." *Olson*, 750 F.3d at 712. At this stage of the litigation, the plaintiff is simply not one of the many *pro se* prisoners that requires the assistance of counsel. The Court will continue to be alert to the possibility of recruiting representation for the plaintiff at trial or at other points in the case where the plaintiff's incarceration and *pro se* status would make it particularly difficult for him to proceed without representation.

The plaintiff's motions for assistance with recruiting counsel, dkts. [31, 66, 78], are **denied without prejudice.**

**SO ORDERED.**

Date: 1/4/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

NICHOLAS D. WILLIAMS, SR.
 cell unit P-217
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Tara Lynn Gerber
City of Indianapolis
tara.gerber@indy.gov